UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11

GOLIATH VENTURES INC. (FL),                         Case No. 26-13174-RAM
GOLIATH VENTURES INC. (WY),                         Case No. 26-13176-RAM
                                                    *Jointly Administered*

              Debtors.
_____/

**NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM***
***(Documents May Be Produced In Lieu of Appearance)***

GOLIATH VENTURES INC. (FL) and GOLIATH VENTURES INC. (WY) (collectively

the "***Debtors***") by and through undersigned counsel, pursuant to Federal Bankruptcy Rule 2004

and Local Rule 2004-1, will examine the following person under oath at the date, time and place

set forth below:

| EXAMINEE | LOCATION | DATE AND TIME |
|---|---|---|
| **Coinbase, Inc.** | **Veritext Legal Solutions** (Veritext Zoom Videoconference) Meeting ID # and password will be provided prior to the examination | April 10, 2026, at 10:00 a.m. (EDT) |

**<u>*Note*</u>**: *Any parties planning on attending should contact our office prior to the examination to ensure that the examination has not been rescheduled to another date.*

The examination may continue from day to day until completed. If the examinee receives

this notice less than 14 days prior to the scheduled examination date, the examination will be

rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be

recorded by video and/or stenographic means before a court reporter or any officer duly authorized

1

by law to administer oaths and record testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary. [If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.]

The Examinee is further directed to produce pursuant to Local Rule 2004-1(D), as provided under Fed. R. Civ. P. 45(a)(1)(C), as adopted by Fed. R. Bankr. P. 9016, all of the documents described on **Exhibit A** for inspection and copying to undersigned counsel on or before **April 10, 2026 by 10:00 a.m. (EDT).**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on March 19, 2026, via the Court's Notice of Electronic Filing upon Registered Users listed on the attached **Exhibit 1**.

By: */s/Alexander E. Brody*
Solomon B. Genet, Esq.
Florida Bar No. 617911
sgenet@melandbudwick.com
Alexander E. Brody, Esq.
Florida Bar No. 1025332
abrody@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

***Proposed Counsel for the Debtors***

2

**EXHIBIT A**

**INSTRUCTIONS**

These Requests incorporate by reference and are governed by Bankruptcy Rule 2004 and Local Rule 2004-1.

You are to furnish all information available to you, your accountants, agents or other representatives and employees, or any information subject to your custody or control, in answering the document requests herein.

Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business. **Documents should be produced electronically via Sharefile, Dropbox or similar platform to Alexander E. Brody, Esq. at abrody@melandbudwick.com or on a thumb drive or similar external storage device delivered to the law offices of Meland Budwick, P.A., 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131, unless agreed otherwise**.

As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents, accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please respond as fully as otherwise possible with all nonprivileged documents in whole or part and identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

The Debtors will sign a confidentiality stipulation if appropriate and necessary.

If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

5

removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

Unless otherwise specified, each request herein seeks Documents and information for the period from January 1, 2019 through the date of full compliance with this subpoena (the "**Relevant Period**").

Unless otherwise specified in a specific request, all electronically stored information shall be produced in the format described below:

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

## FORM OF PRODUCTION

### Production of Electronically Stored Information (ESI)

The Debtors request that all ESI (electronically stored information) be produced as single-page Tagged Image File Format ("TIFF" or ".tiff") images with accompanying load files as reflected below:

ESI is to be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files in single-page format, with native files and word searchable OCR/extracted text (Optical Character Recognized – *i.e.* searchable text). Load files will be provided in a Concordance-type (.DAT) format including a separate load file for loading of OCR/Extracted text files. The text file containing the OCR/Extracted Text shall be produced in single page format with the name corresponding to its associated image. It should also be in the same folder as the tiff images. Color pages should be produced as color JPEG images.

Redacted Documents shall be produced in 300DPI Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files without native files or redacted information. Metadata for redacted files shall be produced. Metadata which discloses the content of redacted information may be withheld.

**General Deliverable Requirements**

- **Load File Names:** All load files should be named with a consistent naming convention
- **Directory Counts:** All folders should have a maximum file count of 1,000 files per folder

**Data Load File**

- **Load File Type:** .DAT
- **Header:** First line should be a header row identifying the fields contained in the file
- **Fields:** May contain any number of metadata fields
- **Dates:** Date Fields should be provided as MM/DD/YYYY
- **File Paths:** May contain Native or Text File Paths where available*[1]
- **Encoding:**

  ASCII

  Unicode

  Unicode (Big-Endian)

  Unicode (UTF-8)

---

[1] A Native Load File is unnecessary if paths are embedded in the Data Load File.

6

**Delimiters:**

| Delimiter | Character | ASCII Value |
|---|---|---|
| Comma | ¶ | (020) |
| Quote | Þ | (254) |
| Newline | ® | (174) |
| Multi-Value | ; | (059) |

- **Example File:**

```
pBEGDOCp¶pENDDOCp¶pBEGATTp¶pENDATTp¶pCustodianNamep¶pDateFieldp
pGLO00000001p¶pGLO00000001p¶pGLO00000001p¶pGLO00000002p¶pAriana Akersp¶p12/01/2003p
pGLO00000002p¶pGLO00000002p¶pGLO00000001p¶pGLO00000002p¶pAriana Akersp¶p11/24/2003p
pGLO00000003p¶pGLO00000003p¶pGLO00000003p¶pGLO00000003p¶pAriana Akersp¶p06/24/2003p
pGLO00000004p¶pGLO00000004p¶pGLO00000004p¶pGLO00000005p¶pAriana Akersp¶p05/04/2003p
pGLO00000005p¶pGLO00000005p¶pGLO00000004p¶pGLO00000005p¶pAriana Akersp¶p04/21/2003p
```

## Image Load File

- **Load File Type:** .OPT

- **Image File Type:**

    Black and White: Single Page Group IV TIFF

    Color: JPEG

- **File Naming:** Image Files should be named to match the Page Identifier

- **Fields:** Not all of the below fields are required, but each must be represented in the file

| Field | Is Required | Details |
|---|---|---|
| ImageID | Yes | Image Page Identifier |
| Volume | No | Image Page Identifier |
| Image File Path | Yes | Path to the Image File |
| Document Break | Yes | Populated with a Y wherever a new document begins |
| Folder Break | No | |
| Box Break | No | |
| PageCount | Yes | |

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

▪ **Example File:**

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000003.TIF,Y,,,
IMG0000005,,E:\001\IMG0000003.TIF,Y,,,
IMG0000006,,E:\001\IMG0000003.TIF,,,,
```

## Native Files

▪ **Load File Type:** .CSV

▪ **File Naming:** Native files should be named to match the Document Identifier

▪ **Fields:** Document Identifier and Native File Path

▪ **Example File:**

```
"GLO00000001","E:\001\GLO00000001.doc"
"GLO00000002","E:\001\GLO00000002.txt"
"GLO00000003","E:\001\GLO00000003.msg"
"GLO00000004","E:\001\GLO00000004.xls"
"GLO00000005","E:\001\GLO00000005.pdf"
```

## Text Files

▪ **Load File Type:** No load file required

▪ **Text File Type:** Extracted Text or OCR text files at a Document level or Page Level

▪ **File Naming:**

Document Level Files – Text files should be named to match the Document Identifier

Page Level Files – Text files should be named to match the Page Identifier

The following fields, including metadata, will be produced: (Metadata is defined as "unaltered metadata that exists at the time of collection").

| Field | Field Description |
|---|---|
| BEGDOC | Beginning Bates or Document id |
| ENDDOC | Ending Bates or Document id |
| BEGATTACH | Beginning Bates or Document id of attachment |
| ENDATTACH | Ending Bates or Document id of attachment |
| Name | Document name |
| FileTypeDescription | Document Type Description |
| Extension | File extension |
| Author | Document author |
| Custodian Name | Custodian (Last, First) |
| Source | Source |
| DateCreated | Date created |
| DateModified | Date Modified |
| Document Type | Document Type |

8

9

| Email Recipient To | To (Name + email) |
|---|---|
| Email Recipient Cc | CC (Name + email) |
| Email Recipient Bcc | BCC (Name + email) |
| Email Sender | Sender (Name + email) |
| Email Sent Time | Date email sent (Sort field) |
| Email Subject | Subject of email |
| MD5Hash | Hash_Code |
| Native Relative Path | Native link |

9

## DEFINITIONS

1.      All references to any person shall have the broadest possible interpretation, including all persons and entities, and includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

2.      All references to the singular include the plural, and vice versa.

3.      The words "*and*" and "*or*" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these requests any answer that might be deemed outside their scope by another construction.

4.      "*Communication*" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, Documents, or any other means used to transfer thoughts, ideas, data, or information between persons, entities, networks, devices, or locations, including but not limited to email, text messages, instant messages, social media, applications, other electronic accounts that allow for the storage, receipt, hosting, sharing, or sending of electronic information that are hosted by internet services providers, portals, websites, or other third parties or business partners, any or other means of transferring or sharing electronic information, telephonic communications, voicemails, other recorded audio, video, presentations, memoranda, letters, mail, and any other correspondence of any kind.

5.      "*Document*" shall have the broadest possible meaning allowed by Federal Rule of Civil Procedure 34 and include all designated information—such as Communications, writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, other data or data compilations, all drafts and non-identical copies, and metadata—that is stored or recorded in any medium, including but not limited to electronically stored information, from which

10

information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

6.      "*Digital Assets*" means any and all cryptocurrencies, virtual currencies, digital tokens, stablecoins, or other digital or virtual assets, and any derivative, wrapped, or synthetic version thereof.

7.      "*Goliath*" shall mean (i) Goliath Ventures, Inc., a Wyoming corporation; and (ii) Goliath Ventures, Inc., a Florida corporation (dissolved September 2021) (f/k/a Gen-Z Venture Firm Inc.); together with each entity's employees, agents, servants, subsidiaries, parent company, affiliated company, and any other person or entity or Representative acting or purporting to act on behalf or under its control.

8.      "*Subject Accounts*" means any and all deposit accounts, checking accounts, savings accounts, money market accounts, certificates of deposit, safe deposit boxes, custodial accounts, trust accounts, escrow accounts, or any other account or depository arrangement maintained by You or any of Your subsidiaries or affiliates, in the name of, for the benefit of, or associated with: (a) Goliath Ventures, Inc., a Wyoming corporation; (b) Goliath Ventures, Inc., a Florida corporation (dissolved September 2021) (f/k/a Gen-Z Venture Firm Inc.); (c) Gen-Z Venture Firm Inc.; (d) GVI International Inc, a Wyoming corporation; (e) Christopher Alexander Delgado or Nick Petrillo.

9.      "*You*" and "*Your*" refers to Coinbase, Inc., the entity to whom this subpoena is directed, its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or representative acting or purporting to act on behalf or under its control.

11

## REQUESTS FOR PRODUCTION

1.  All Documents concerning Goliath.

2.  All Communications between You and Goliath.

3.  All Documents and Communications concerning any Subject Account.

4.  All Documents relating to the creation, opening, or registration of any Subject Account, including account applications and identity verification or KYC documentation.

5.  All account statements, balance summaries, and similar account records for each Subject Account during the Relevant Period.

6.  All Documents reflecting transactions involving any Subject Account during the Relevant Period, including deposits, withdrawals, transfers, trades, swaps, conversions, staking, rewards, and fees.

7.  All Documents identifying cryptocurrency wallet addresses associated with any Subject Account, including deposit and withdrawal addresses.

8.  All Documents identifying bank accounts or payment methods linked to any Subject Account, including wire instructions, ACH connections, debit cards, or similar payment mechanisms.

9.  All Documents showing access to any Subject Account, including login records, IP address logs, device identifiers, and authentication logs.

10.  All Communications between You and any holder of, or person associated with, any Subject Account, including support tickets, email correspondence, and in-app communications.

12

11.     All compliance, fraud, or risk-review Documents relating to any Subject Account, including documents relating to account restrictions, suspensions, closures, suspicious activity reviews, or communications with law enforcement or regulators.

12.     All Documents identifying any other accounts linked or related to any Subject Account, including accounts sharing common identifying information such as email addresses, phone numbers, IP addresses, devices, bank accounts, or wallet addresses.

13.     All Documents relating to participation by any Subject Account in any Coinbase staking, lending, vault, earn, or similar programs.

14.     All tax-related Documents generated for or associated with any Subject Account, including Forms 1099 and any gain/loss or cost basis reports.

15.     All Documents relating to the use of any Coinbase institutional or business services by any Subject Account holder, including Coinbase Commerce, Coinbase Prime, Coinbase Custody, or similar services.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                            Chapter 11

GOLIATH VENTURES INC. (FL),                       Case No. 26-13174-RAM
GOLIATH VENTURES INC. (WY),                       Case No. 26-13176-RAM
                                                  *Jointly Administered*

          Debtors.

_____/

### SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

To:    Coinbase, Inc.
      By and through its Registered Agent, Corporation Service Company (CSC)
      1201 Hays Street
      Tallahassee, FL 32301

☐    *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| VERITEXT LEGAL SOLUTIONS | April 10, 2026 at 10:00 a.m. (EDT) |

The examination will be recorded by this method: Upon oral examination before a Videographer and Notary Public or other officer authorized by law to take the depositions in the State of Florida.

☒    *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material **regarding the requests set forth on Exhibit A of this Subpoena on April 10, 2026 at 10:00 a.m.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 19, 2026

CLERK OF COURT
                                    OR

_____         */s/Alexander E. Brody*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Debtors, who issues or requests this subpoena, is:

Alexander E. Brody, Esquire
Florida Bar No. 1025332
abrody@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:

_____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:

_____

_____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:

_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13) (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the

order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research,

development, or commercial information; or

parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS

These Requests incorporate by reference and are governed by Bankruptcy Rule 2004 and Local Rule 2004-1.

You are to furnish all information available to you, your accountants, agents or other representatives and employees, or any information subject to your custody or control, in answering the document requests herein.

Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business. **Documents should be produced electronically via Sharefile, Dropbox or similar platform to Alexander E. Brody, Esq. at [abrody@melandbudwick.com](mailto:abrody@melandbudwick.com) or on a thumb drive or similar external storage device delivered to the law offices of Meland Budwick, P.A., 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131, unless agreed otherwise**.

As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents,

accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please respond as fully as otherwise possible with all nonprivileged documents in whole or part and identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

The Debtors will sign a confidentiality stipulation if appropriate and necessary.

If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

Unless otherwise specified, each request herein seeks Documents and information for the period from January 1, 2019 through the date of full compliance with this subpoena (the "**Relevant Period**").

Unless otherwise specified in a specific request, all electronically stored information shall be produced in the format described below:

## FORM OF PRODUCTION

### Production of Electronically Stored Information (ESI)

The Debtors request that all ESI (electronically stored information) be produced as single-page Tagged Image File Format ("TIFF" or ".tiff") images with accompanying load files as reflected below:

ESI is to be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files in single-page format, with native files and word searchable OCR/extracted text (Optical Character Recognized – *i.e.* searchable text). Load files will be provided in a Concordance-type (.DAT) format including a separate load file for loading of OCR/Extracted text files. The text file containing the OCR/Extracted Text shall be produced in single page format with the name corresponding to its associated image. It should also be in the same folder as the tiff images. Color pages should be produced as color JPEG images.

Redacted Documents shall be produced in 300DPI Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files without native files or redacted information. Metadata for redacted files shall be produced. Metadata which discloses the content of redacted information may be withheld.

**General Deliverable Requirements**

- **Load File Names:** All load files should be named with a consistent naming convention
- **Directory Counts:** All folders should have a maximum file count of 1,000 files per folder

**Data Load File**

- **Load File Type:** .DAT
- **Header:** First line should be a header row identifying the fields contained in the file
- **Fields:** May contain any number of metadata fields
- **Dates:** Date Fields should be provided as MM/DD/YYYY
- **File Paths:** May contain Native or Text File Paths where available*[1]
- **Encoding:**

  ASCII
  Unicode
  Unicode (Big-Endian)
  Unicode (UTF-8)

---

[1] A Native Load File is unnecessary if paths are embedded in the Data Load File.

**Delimiters:**

| Delimiter | Character | ASCII Value |
|---|---|---|
| Comma | ¶ | (020) |
| Quote | Þ | (254) |
| Newline | ® | (174) |
| Multi-Value | ; | (059) |

- **Example File:**

```
pBEGDOCp¶pENDDOCp¶pBEGATTp¶pENDATTp¶pCustodianNamep¶pDateFieldp
pGLO00000001p¶pGLO00000001p¶pGLO00000001p¶pGLO00000002p¶pAriana Akersp¶p12/01/2003p
pGLO00000002p¶pGLO00000002p¶pGLO00000001p¶pGLO00000002p¶pAriana Akersp¶p11/24/2003p
pGLO00000003p¶pGLO00000003p¶pGLO00000003p¶pGLO00000003p¶pAriana Akersp¶p06/24/2003p
pGLO00000004p¶pGLO00000004p¶pGLO00000004p¶pGLO00000005p¶pAriana Akersp¶p05/04/2003p
pGLO00000005p¶pGLO00000005p¶pGLO00000004p¶pGLO00000005p¶pAriana Akersp¶p04/21/2003p
```

## Image Load File

- **Load File Type:** .OPT

- **Image File Type:**

  Black and White: Single Page Group IV TIFF

  Color: JPEG

- **File Naming:** Image Files should be named to match the Page Identifier

- **Fields:** Not all of the below fields are required, but each must be represented in the file

| Field | Is Required | Details |
|---|---|---|
| ImageID | Yes | Image Page Identifier |
| Volume | No | Image Page Identifier |
| Image File Path | Yes | Path to the Image File |
| Document Break | Yes | Populated with a Y wherever a new document begins |
| Folder Break | No | |
| Box Break | No | |
| PageCount | Yes | |

- **Example File:**

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000003.TIF,Y,,,
IMG0000005,,E:\001\IMG0000003.TIF,Y,,,
IMG0000006,,E:\001\IMG0000003.TIF,,,,
```

## Native Files
- **Load File Type:** .CSV

- ▪ **File Naming:** Native files should be named to match the Document Identifier

- ▪ **Fields:** Document Identifier and Native File Path

- ▪ **Example File:**

```
"GLO00000001","E:\001\GLO00000001.doc"
"GLO00000002","E:\001\GLO00000002.txt"
"GLO00000003","E:\001\GLO00000003.msg"
"GLO00000004","E:\001\GLO00000004.xls"
"GLO00000005","E:\001\GLO00000005.pdf"
```

**Text Files**

- ▪ **Load File Type:** No load file required

- ▪ **Text File Type:** Extracted Text or OCR text files at a Document level or Page Level

- ▪ **File Naming:**

    Document Level Files – Text files should be named to match the Document Identifier

    Page Level Files – Text files should be named to match the Page Identifier

    The following fields, including metadata, will be produced: (Metadata is defined as "unaltered metadata that exists at the time of collection").

| Field | Field Description |
|---|---|
| BEGDOC | Beginning Bates or Document id |
| ENDDOC | Ending Bates or Document id |
| BEGATTACH | Beginning Bates or Document id of attachment |
| ENDATTACH | Ending Bates or Document id of attachment |
| Name | Document name |
| FileTypeDescription | Document Type Description |
| Extension | File extension |
| Author | Document author |
| Custodian Name | Custodian (Last, First) |
| Source | Source |
| DateCreated | Date created |
| DateModified | Date Modified |
| Document Type | Document Type |
| Email Recipient To | To (Name + email) |
| Email Recipient Cc | CC (Name + email) |
| Email Recipient Bcc | BCC (Name + email) |
| Email Sender | Sender (Name + email) |
| Email Sent Time | Date email sent (Sort field) |
| Email Subject | Subject of email |
| MD5Hash | Hash_Code |
| Native Relative Path | Native link |

## DEFINITIONS

1.      All references to any person shall have the broadest possible interpretation, including all persons and entities, and includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

2.      All references to the singular include the plural, and vice versa.

3.      The words "*and*" and "*or*" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these requests any answer that might be deemed outside their scope by another construction.

4.      "*Communication*" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, Documents, or any other means used to transfer thoughts, ideas, data, or information between persons, entities, networks, devices, or locations, including but not limited to email, text messages, instant messages, social media, applications, other electronic accounts that allow for the storage, receipt, hosting, sharing, or sending of electronic information that are hosted by internet services providers, portals, websites, or other third parties or business partners, any or other means of transferring or sharing electronic information, telephonic communications, voicemails, other recorded audio, video, presentations, memoranda, letters, mail, and any other correspondence of any kind.

5.      "*Document*" shall have the broadest possible meaning allowed by Federal Rule of Civil Procedure 34 and include all designated information—such as Communications, writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, other data or data compilations, all drafts and non-identical copies, and metadata—that is stored or recorded in any medium, including but not limited to electronically stored information, from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

6.      "*Digital Assets*" means any and all cryptocurrencies, virtual currencies, digital tokens, stablecoins, or other digital or virtual assets, and any derivative, wrapped, or synthetic version thereof.

7.     "*Goliath*" shall mean (i) Goliath Ventures, Inc., a Wyoming corporation; and (ii) Goliath Ventures, Inc., a Florida corporation (dissolved September 2021) (f/k/a Gen-Z Venture Firm Inc.); together with each entity's employees, agents, servants, subsidiaries, parent company, affiliated company, and any other person or entity or Representative acting or purporting to act on behalf or under its control.

8.     "*Subject Accounts*" means any and all deposit accounts, checking accounts, savings accounts, money market accounts, certificates of deposit, safe deposit boxes, custodial accounts, trust accounts, escrow accounts, or any other account or depository arrangement maintained by You or any of Your subsidiaries or affiliates, in the name of, for the benefit of, or associated with: (a) Goliath Ventures, Inc., a Wyoming corporation; (b) Goliath Ventures, Inc., a Florida corporation (dissolved September 2021) (f/k/a Gen-Z Venture Firm Inc.); (c) Gen-Z Venture Firm Inc.; (d) GVI International Inc, a Wyoming corporation; (e) Christopher Alexander Delgado or Nick Petrillo.

9.     "*You*" and "*Your*" refers to Coinbase, Inc., the entity to whom this subpoena is directed, its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or representative acting or purporting to act on behalf or under its control.

**REQUESTS FOR PRODUCTION**

1.      All Documents concerning Goliath.

2.      All Communications between You and Goliath.

3.      All Documents and Communications concerning any Subject Account.

4.      All Documents relating to the creation, opening, or registration of any Subject Account, including account applications and identity verification or KYC documentation.

5.      All account statements, balance summaries, and similar account records for each Subject Account during the Relevant Period.

6.      All Documents reflecting transactions involving any Subject Account during the Relevant Period, including deposits, withdrawals, transfers, trades, swaps, conversions, staking, rewards, and fees.

7.      All Documents identifying cryptocurrency wallet addresses associated with any Subject Account, including deposit and withdrawal addresses.

8.      All Documents identifying bank accounts or payment methods linked to any Subject Account, including wire instructions, ACH connections, debit cards, or similar payment mechanisms.

9.      All Documents showing access to any Subject Account, including login records, IP address logs, device identifiers, and authentication logs.

10.      All Communications between You and any holder of, or person associated with, any Subject Account, including support tickets, email correspondence, and in-app communications.

11.      All compliance, fraud, or risk-review Documents relating to any Subject Account, including documents relating to account restrictions, suspensions, closures, suspicious activity reviews, or communications with law enforcement or regulators.

12.     All Documents identifying any other accounts linked or related to any Subject Account, including accounts sharing common identifying information such as email addresses, phone numbers, IP addresses, devices, bank accounts, or wallet addresses.

13.     All Documents relating to participation by any Subject Account in any Coinbase staking, lending, vault, earn, or similar programs.

14.     All tax-related Documents generated for or associated with any Subject Account, including Forms 1099 and any gain/loss or cost basis reports.

15.     All Documents relating to the use of any Coinbase institutional or business services by any Subject Account holder, including Coinbase Commerce, Coinbase Prime, Coinbase Custody, or similar services.

**EXHIBIT 1**     Case 26-13174-RAM    Doc 15    Filed 03/19/26    Page 29 of 29

## Mailing Information for Case 26-13174-RAM

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Jonathan S. Feldman**    feldman@katiephang.com, service@katiephang.com
- **Solomon B Genet**    sgenet@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;sgenet@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov